IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
|   Charlotte S Hawkins | ) | Chapter 13 |
| | ) | |
| | ) | |
|   Debtor(s). | ) | Bk. No.: 22-30530 |
| | ) | |

<u>CHAPTER 13 TRUSTEE'S  OBJECTION TO CONFIRMATION
TO DEBTOR(S)' ORIGINAL PLAN</u>

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

**COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his Objection to Confirmation of the Debtor(s) Original Plan and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. _X_    The Debtor(s)' Plan is not feasible.  [Disposable Income: <u>$742.03</u> Plan Payment: <u>$1,200.00</u>]

2. _X_    As of <u>February 22, 2023</u>, the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims.  The Trustee's plan calculation* has been emailed to counsel. [Current Base: <u>$72,000.00</u> Estimated Minimum Req'd Base: <u>$103,600.00</u>]

3. ___    Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of <u>$0.00</u> or 100%.

4. _X_    The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims:  <u>CBFL Rentals (lease arrears); Credit Acceptance; Archview Auto Sales</u>.

5. ___    The Plan does not provide for payment of all of the Debtor(s)' disposable income.
    [Disposable Income on Sch. J: <u>$0.00</u>   Plan Payment: <u>$0.00</u>]

6. ___    Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is <u>$0.00</u>; however, Debtor(s)' Plan only proposes to pay <u>$0.00</u>.

7. ___    Pursuant to the Proof of Claim filed by  on , the Debtor(s) have not filed their tax returns.  The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

    If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_    Other:  The Schedule A/B and D provide for Debtors interest in a 2002 Ford Econoline, however, the Chapter 13 Plan, paragraph 4.B. provides for the year as 2022. Pursuant to the proof of claim filed, the correct year is 2022. As such, the Plan must be amended to resolve this conflict.

*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

**WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

**/s/ Russell C. Simon**
RUSSELL C. SIMON, Trustee
Chapter 13 Trustee
24 Bronze Pointe
Swansea, Illinois  62226
Telephone: (618) 277-0086
Telecopier: (618) 234-0124

Dated: February 27, 2023
SP

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Confirmation to Debtor(s)' Original Plan was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Monday, February 27, 2023.

/s/Sandie

Charlotte S Hawkins
1804 Martin Luther King Dr
E St Louis, IL  62206


.J D GRAHAM
1 EAGLE CENTER STE 3A
OFALLON, IL 62269