IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings under Chapter 13 |
| CHARLOTTE S. HAWKINS, | |
| Debtor(s). | BK No.: 22-30530 |

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION
TO ENLARGE TIME TO FILE PROOF OF CLAIM**

COMES NOW RUSSELL C. SIMON, Chapter 13 Trustee, and files this objection to Debtor's Motion to Enlarge Time to File Proof of Claim. In support thereof, the Trustee states as follows:

1. Debtor filed a voluntary petition for relief under Chapter 13 on August 29, 2022.

2. The deadline for governmental entities such as the Illinois Dept. of Employment Security ("Creditor") to file proofs of claim in this case was February 27, 2023. Debtor has filed this Motion for authority to file a proof of claim on behalf of Creditor for a prepetition claim that Debtor seeks to pay through their Chapter 13 plan, and seeks that the deadline to file the claim be enlarged by one hundred twenty (120) days.

3. Under Rule 3004, Debtor may file a claim on a creditor's behalf up to thirty (30) days after the expiration of the claims bar date. The timeline for debtors to file claims under Rule 3004 may be extended after the expiration of the period, pursuant to Rule 9006(b)(1), but only upon a showing of excusable neglect.

4. Bankruptcy courts reviewing a case for excusable neglect should consider the following factors in the analysis: the danger of prejudice to the debtor/opposing party; the length of delay and its potential impact on judicial proceedings; the reason for the delay; whether the

delay was within the reasonable control of the movant; and whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 395 (1993); *In re Karipides*, 2020 WL 717954 (Bankr. N.D.Ohio 2020). Additionally, a party seeking to enlarge a deadline that has already expired under Rule 9006(b)(1) must also explain why the party did not seek enlargement before the deadline expired; this is a heavy burden for debtors to bear. *In re Morgan*, 2019 WL 548532 (Bankr.E.D.Wis. 2019); *In re Karipides*, 2020 WL 717954 (Bankr. N.D.Ohio 2020). Carelessness or lack of diligence by counsel does not constitute excusable neglect. *Id.*

5. Debtor has not demonstrated excusable neglect. Debtor's Motion asserts that Debtor failed to schedule the debtor owed Creditor under the assumption that her creditor report included all debts owed. Debtor now seeks leave to file the proof of claim four months after the claim bar date.

6. Debtor's explanation for the delay in filing the proof of claim demonstrates that the lack of timely filing was solely within the control of Debtor. A debtor has the duty to schedule all debts, regardless of whether the respective creditor has reported the payment delinquency to credit reporting bureaus. Reliance upon credit reporting agencies does not demonstrate Debtor's diligence in preparing her schedules. While the delay in filing the claim may not be substantial, any delay under these circumstances is not excusable.

WHEREFORE, based on the forgoing, the Trustee prays for an order from this Court denying Debtor's Motion for Enlargement of Time, and for such other additional relief as this court may deem fit and proper under the circumstances.

Respectfully Submitted,

/s/Russell C. Simon
Russell C. Simon, Successor Trustee
24 Bronze Pointe Dr.
Swansea IL 62226
618-277-0086 Telephone
618-234-0124 Facsimile

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed on this 17th day of April, 2023, with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL, to the following interested parties who have not been electronically notified:

Charlotte S. Hawkins
1804 Martin Luther King Dr.
E. St. Louis, IL 62206

J.D. Graham
1 Eagle Center, Ste. 3A
O'Fallon, IL 62269

/s/     Carman